HICKS, Plaintiff in error, v. STATE, Defendant in error.*

*No. State 149.   Argued April 3, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 386.)

* Motion for rehearing denied, without costs, on June 26, 1970.

For the plaintiff in error there was a brief by *Michael J. Skwierawski,* and oral argument by *Richard J. Burrell,* both of Milwaukee.

For the defendant in error the cause was argued by *Allen L. Samson,* deputy district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J. The sole issue presented on this appeal is whether the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt.

In reviewing the sufficiency of the evidence, the test applied by this court ". . . is not whether this court is convinced of the defendant's guilt beyond a reasonable doubt but whether the trier of facts, acting reasonably, could be convinced to the required degree of certitude. . . ." *Berg v. State* (1969), 41 Wis. 2d 729, 743, 165 N. W. 2d 189.

Thus the evidence adduced at the defendant's trial must have been sufficient for the trier of fact to determine beyond a reasonable doubt that the defendant's conduct included the three essential elements of burglary:

"(1) Intentional entry of building,

"(2) [W]ithout consent of the person in lawful possession, and

"(3) [W]ith intent to steal." *Strait v. State* (1969), 41 Wis. 2d 552, 555, 164 N. W. 2d 505.

It is the defendant's position on this appeal that the evidence is insufficient to establish either of the first two elements. Proof necessary to establish the third element was recently explained by this court in *State v. Holmstrom* (1969), 43 Wis. 2d 465, 168 N. W. 2d 574. However, no challenge is now made with reference to that element of burglary.

Although there is no direct evidence establishing the first element, *i.e.,* that the defendant had entered the

building, this court has stated that the ". . . degree of certainty required to sustain a criminal conviction may be attained upon circumstantial evidence as well as upon direct evidence." *State v. Johnson* (1960), 11 Wis. 2d 130, 136, 104 N. W. 2d 379. In the instant case, Mr. David Twells, a Manpower employee in charge of the building and its contents, testified that the items found outside the building had been used in a training school on the sixth floor of the building. From this testimony, coupled with the fact that a rear window on the second floor was open and that an alarm had been activated, the trier of fact could infer that someone had entered the building.

The defendant, however, contends that there was insufficient identification of the party whom Officer Godager saw flee to the rear of the building and that, therefore, even assuming such person had entered the building, the defendant cannot be equated with the individual who had entered the building.

It is true Officer Godager testified that when he arrived at the building it was dark (approximately 8:05 p. m.) and that when he first saw the subject drop the articles he was about 50 to 75 feet away. It is also true that upon cross-examination Officer Godager testified that he had lost sight of the subject for a moment, as the subject ran around the corner to the rear of the building, and that he had never seen the subject's face. However, there is circumstantial evidence which identifies the defendant as the subject and connects him with the entry of the building.

Officer Godager also testified that both the subject, whom he originally observed fleeing, and the defendant were wearing long black coats and scarfs, such as those used to preserve a process, on their heads. This identification, although obviously imperfect, coupled with:

(1) The fact that the area to which the subject ran had no means of egress other than that blocked by Officer Godager;

(2) The fact that the defendant was found in a large garbage can located in the area to which the subject ran; and

(3) The fact that no one else was found in the area, is sufficient to justify the trial court's finding that the defendant had, in fact, been the subject who had entered the building.

The defendant's second contention that there is no evidence that entry into the building was *without consent* is premised on the trial court's sustainment of an objection to the following testimony of Mr. Twells:

"*Q.* Did you on November 18, 1967, give this defendant, George Hicks, the consent to go into your [building] at 826 North Plankinton Avenue to remove therefrom articles of personal property without your consent?

"*A.* No, sir.

"*Mr. Eisenberg:* That is objected to as leading and immaterial."

Since the transcript reveals that the prosecution did not rephrase or reask its question, the defendant asserts that *entry without consent* has not been established.

This court has stated that a question is not leading if it merely suggests a subject rather than a specific answer. *Zenou v. State* (1958), 4 Wis. 2d 655, 675, 91 N. W. 2d 208. Underlying the undesirability of leading questions, *i.e.*, those which suggest an answer, is the fact that they may ". . . supply a false memory for the witness,—that is, . . . to suggest desired answers not in truth based upon a real recollection. . . ." 3 Wigmore, *Evidence* (3d ed.), p. 122, sec. 769. While it is not clear upon which of defense counsel's bases the trial court sustained the objection, we think that the question did no more than suggest the subject of consent. Furthermore, there is little likelihood that Mr. Twells was supplied with a false memory of not having given consent to the defendant since he also testified that he had never even seen the defendant prior to his arrest.

As to the relevancy of evidence, this court in *Berg v. State, supra,* at page 739, again approved the following statement from 1 Wharton's, Anderson, *Criminal Evidence* (12th ed.), pp. 284–287, sec. 148:

" ' "Evidence is relevant when it is persuasive or indicative that a fact in controversy did or did not exist because the conclusion in question may be logically inferred from the evidence. The criterion of relevancy is whether or not the evidence adduced tends to cast any light upon the subject of the inquiry. Evidence of any fact is admissible as relevant which might establish the hypothesis of innocence, or show the defendant's guilt. Any evidence that assists in getting at the truth of the issue is relevant; in other words, *any fact which tends to prove a material issue is relevant, even though it is only a link in the chain of facts which must be proved to make the proposition at issue appear more or less probable. Relevancy is not determined by resemblance to, but by the connection with, other facts."* (Emphasis supplied.) ' "

Applying this test, we conclude that the testimony objected to by the defense was both relevant and admissible in that it tended to establish a critical element of the crime. While it is true that even though admissible, testimony can, in the trial court's discretion, be excluded, such exclusion is limited to situations wherein otherwise admissible evidence would:

" '(a) necessitate undue consumption of time, or

" '(b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or

" '(c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered.' " *Berg v. State, supra,* at page 740.

Since none of these grounds was present in the instant case, the trial court erred in sustaining defense counsel's objection. Furthermore, since Mr. Twells' testimony was critical, such error was prejudicial to the state.

If the evidence is sufficiently strong to exclude any reasonable theory of innocence, it meets the test of sufficiency. *State v. Johnson, supra.* We find there was ample credible evidence to support the trial court's finding that defendant was guilty of burglary.

*By the Court.*—Order affirmed.